UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ABRAHAM M. MICHELEN,

                 Plaintiff,

    -against-                              1:19-CV-1591 (LEK/ATB)

IEEE GLOBALSPEC,

                 Defendant.

**DECISION AND ORDER**

## I.    INTRODUCTION

Presently before the Court is Defendant IEEE GlobalSpec's ("IEEE") motion to dismiss the action based on the parties' settlement agreement. Dkt. No. 30. Plaintiff opposes the motion and asks the Court to "provide subpoenas to three witnesses who are willing to testify in Court about the case." Dkt. No. 31. For the reasons discussed below, Defendant's motion is granted in all respects except for attorneys' fees and Plaintiff's request is denied.

## II.    BACKGROUND

The relevant facts for purposes of deciding Defendant's motion are as follows. On December 20, 2019, pro se Plaintiff Abraham M. Michelen brought this discrimination action against his former employer, IEEE. Dkt. No. 1 ("Complaint"). On March 4, 2020, IEEE filed its answer to Plaintiff's Complaint. Dkt. No. 8 ("Answer"). On April 24, 2020, Magistrate Judge Andrew T. Baxter referred this case to the Assisted Mediation Program, and then on June 2, 2020, Judge Baxter appointed David J. Taffany as Special Mediation Counsel to Plaintiff. Dkt. Nos. 15, 17. On August 21, 2020, the parties held a settlement conference before Judge Baxter. Dkt. Nos. 30-1 ("Jones Affirmation") ¶ 7 & 30-5

("Sealed Transcript"). The parties reached an agreement and placed the terms of the settlement on the record. Sealed Transcript at 2–3. Judge Baxter explained that "everybody is bound in principle to the terms of the settlement" and confirmed with Plaintiff that he agreed to the settlement, to which Plaintiff responded in the affirmative. Id. at 2, 3. Defendant was going to draft the paperwork and send it to Mr. Taffany so that Plaintiff could review the agreement with him. Id. at 3–4. On September 14, 2020, Defendant sent Mr. Taffany a draft settlement agreement. Jones Affirmation ¶ 9. On October 16, 2020, Plaintiff told the Court that he did not want to accept the settlement agreement, and the Court granted Defendant leave to file the present motion and relieved Mr. Taffany of his obligation. Id. ¶ 10. On January 15, 2021, Defendant filed this motion and sought attorneys' fees enforced through a reduction of the settlement amount. Id. ¶ 13.

## III.    LEGAL STANDARD

"A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." Mtgs & Exp'tns Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1974) (internal citations omitted). Indeed, "[s]uch power is 'especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings.'" Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 444 (2d Cir. 2005) (quoting Janus Films, Inc. v. Miller, 801 F.2d 578, 583 (2d Cir. 1986)).

"A settlement agreement is a contract that is interpreted according to general principles of contract law." Id. at 443. "It is an elementary principle of contract law that a party's subsequent change of heart will not unmake a bargain already made." Id. at 445. Thus, once a court concludes that the parties reached a binding settlement agreement, the agreement is enforceable, "even if a party has a

change of heart between the time he agreed to the settlement and the time those terms are reduced to writing." Powell v. Omnicom, 497 F.3d 124, 129 (2d Cir. 2007). "A court may relieve a party of the consequences of a settlement agreement only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident." Willgerodt on Behalf of Majority Peoples' Fund for the 21st Century, Inc. v. Hohri, 953 F. Supp. 557, 560 (S.D.N.Y. 1997) (quotation omitted).

## IV.   DISCUSSION

### A.  The Settlement Agreement

Here, "[t]here is no dispute that the parties [] intended to be bound prior to the memorialization and execution of a written settlement agreement." Layou v. Crews, No. 11-CV-114, 2017 WL 10187838, at *3 (N.D.N.Y. Nov. 1, 2017). At their settlement conference on August 21, 2020, Plaintiff's and Defendant's counsel announced they had reached a settlement, and the settlement's main terms were read into the record. Sealed Transcript at 2–3. Plaintiff was present and affirmatively told the Magistrate Judge that he "agree[d] completely with this arrangement, no problem." Id. at 3. "Given that the material terms of the settlement were read in court, as well as Plaintiff's concession that the settlement is binding on the parties, the Court concludes that the parties entered into an enforceable oral settlement agreement on [August 21, 2020]." Layou, 2017 WL 10187838, at *3.

Plaintiff makes two arguments: (1) that he changed his mind after he learned more details related to his termination and (2) that there is contractual language in the written settlement agreement that gave him the ability to reconsider and revoke the agreement. See generally Dkt. No. 31. The Court addresses each in turn.

3

### 1. *Plaintiff's Change of Heart*

"[O]nce reached, a settlement agreement constitutes a contract that is binding and conclusive and the parties are bound to the terms of the contract even if a party has a change of heart between the time of the agreement to the terms of the settlement and the time it is reduced to writing." Elliott v. City of New York, No. 11-CV-7291, 2012 WL 3854892, at *2 (S.D.N.Y. Sept. 5, 2012); accord U.S. v. Bank of New York, 14 F.3d 756, 759 (2d Cir.1994) ("When a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect.") (internal citations omitted). In the instant case, Plaintiff made a conscious and informed choice (with the assistance of counsel) of settlement strategy and without any sufficient cause to invalidate the settlement, "[t]his Court must enforce a binding oral agreement, notwithstanding that plaintiff may have had a change of heart." Foster v. City of New York, No. 96-CV-9271, 2000 WL 145927, at *4 (S.D.N.Y. Feb. 7, 2000).

### 2. *The Contractual Language*

Next, Plaintiff points to Articles 25 and 26 of the written settlement agreement, which give him twenty-one days to consider and seven days to revoke the agreement after execution, respectively. See Dkt. No. 31. Defendants argue that these clauses are boilerplate language required by the Older Workers Benefit Protection Act of 1990 ("OWBPA"). See Dkt. No. 30-8 at 6. The Third Circuit addressed a similar situation where a plaintiff relied on contractual language in an unexecuted written settlement agreement to invalidate a prior oral settlement agreement:

> Next, Zong argues that he properly exercised his legal rights under the written settlement documents to reject the agreement within 21 days. Zong asserts that he was told at the end of the settlement conference to wait for

4

> the settlement documents, and that [] he had 21 days to make a decision on the settlement after receipt of those documents. <u>Zong points specifically to paragraph 20 of the proposed settlement documents in support of his argument. The problem, of course, is that Zong never executed these documents, meaning that specific provision lacks any force or effect</u>.

<u>Zong v. Merrill Lynch Pierce Fenner & Smith, Inc.</u>, 632 F. App'x 692, 695–96 (3d Cir. 2015) (emphasis added).

Here, since Plaintiff never executed the written settlement agreement containing the Articles, he cannot rely on them. Like in <u>Zong</u>, Plaintiff does not point the Court to any authority to support "his claim that he had the right to rely on a provision in the unexecuted settlement documents in order to cancel a valid and enforceable oral agreement that the parties previously reached." <u>Id.</u> Thus, this argument also fails.[1]

> 3.  *Plaintiff's Rights Under the OWBPA*

Although Plaintiff did not explicitly address the OWBPA, the submissions of pro se litigants should be construed liberally. <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008). The Court reviews whether the settlement is invalid under the OWBPA. As the Second Circuit explained:

> To protect the rights and benefits of older workers, Congress amended the ADEA in 1990 through the OWBPA by adding, inter alia, 29 U.S.C. § 626(f), which regulates employee waivers and releases under the ADEA. <u>Hodge v. N.Y. Coll. of Podiatric Med.</u>, 157 F.3d 164, 166 (2d Cir.1998); <u>see also</u> <u>Oubre v. Entergy Operations, Inc.</u>, 522 U.S. 422, 426–27, 118 S.Ct. 838, 139 L.Ed.2d 849 (1998). Under the OWBPA, an individual may waive his rights only if the waiver is "knowing and

---

[1]  At this time, the Court does not have to resolve the possibility of Plaintiff signing the written agreement and then claiming his contractual right to revoke.

voluntary." 29 U.S.C. § 626(f)(1). Section 626(f) provides specific statutory requirements for a "knowing and voluntary" waiver that the employer must meet in order for an employee to waive his ADEA claims. Tung v. Texaco Inc., 150 F.3d 206, 209 (2d Cir.1998). The failure to meet these requirements renders the release unenforceable irrespective of general contract principles. See Oubre, 522 U.S. at 427, 118 S.Ct. 838.

Section 626(f)(1)'s requirements, which apply generally to waivers of ADEA claims, include, inter alia, that the individual be given "a period of at least 21 days within which to consider the agreement" and "a period of at least 7 days following the execution of such agreement ... [to] revoke the agreement." 29 U.S.C. § 626(f)(1)(F), (G).

Powell, 497 F.3d at 131.

Ordinarily, the 21-day/7-day review and revoke provisions of OWBPA apply, but for settlements of "an action filed in court," a knowing and voluntary waiver requires only that the "individual is given a reasonable period of time within which to consider the settlement agreement." 29 U.S.C. § 626(f)(2); see also Powell, 497 F.3d at 132. Federal Regulations promulgated under section 626(f) only state that "the term 'reasonable time within which to consider the settlement agreement' means reasonable under all the circumstances, including whether the individual is represented by counsel." 29 C.F.R. § 1625.22(g)(4).

Here, the Court cannot conclude that Plaintiff lacked a reasonable amount of time to consider the terms of the settlement agreement. "The Court of Appeals has held that even 'a few hours [that] elapsed between the beginning of settlement negotiations and [the plaintiff's] assent to those terms in-court" was reasonable and therefore a settlement agreement is enforceable notwithstanding the OWBPA." Rahman v. Kaplan Cornelia, Inc., No. 12-CV-09095, 2014 WL 541851, at *10 (S.D.N.Y. Feb. 11, 2014) (quoting Powell, 497 F.3d at 132). Plaintiff was represented at the

settlement conference with Court-appointed counsel and the parties reached a settlement agreement after a few hours. Jones Affirmation ¶ 7. Accordingly, the OWBPA does not affect the enforceabiltiy of this settlement agreement.

Therefore, since the Court finds that the settlement agreement is enforceable, Plaintiff's request for subpoenas is denied as moot, and the Court does not have to address Defendant's alternative argument based on Federal Rule 41(b), see Dkt. No. 30-8 at 7–9.

### B. Attorneys' Fees

Finally, Defendant seeks an award of attorneys' fees for the cost of bringing this motion. See id. at 9.

"Under the general rule in New York, attorneys' fees are the ordinary incidents of litigation and may not be awarded to the prevailing party unless authorized by agreement between the parties, statute, or court rule." Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 199 (2d Cir. 2003); see also Mt. Vernon City Sch. Dist. v. Nova Cas. Co., 19 N.Y.3d 28, 39 (2012) (same) (citing A.G. Ship Maint. Corp. v. Lezak, 69 N.Y.2d 1, 5 (1986)). "This policy 'provides freer and more equal access to the courts ... [and] promotes democratic and libertarian principles.'" Oscar Gruss, 337 F.3d at 199 (quoting Mighty Midgets, Inc. v. Centennial Ins. Co., 47 N.Y.2d 12, 22 (1979)); see also Pickett v. 992 Gates Ave. Corp., 114 A.D.3d 740, 741 (2d Dep't 2014) ("New York public policy disfavors any award of attorneys' fees to the prevailing party in a litigation." (citation omitted). "Accordingly, while parties may agree that attorneys' fees should be included as another form of damages, such contracts must be strictly construed to avoid inferring duties that the parties did not intend to create."

7

Oscar Gruss, 337 F.3d at 199 (citing Hooper Assocs., Ltd. v. AGS Computs., Inc., 74 N.Y.2d 487, 491 (1989)).

Here, Defendant has not pointed the Court to any applicable agreement, statute, or court rule for paying attorneys' fees for bringing a motion to enforce a settlement agreement. Instead, Defendant cites Walters v. Wal-Mart Stores, Inc., 703 F.3d 1167 (10th Cir. 2013), where the Tenth Circuit affirmed a district court's grant of attorneys' fees after the enforcement of a settlement agreement. Without anything more, the Court cannot grant Defendant's request at this time. Still, Defendant is not precluded from raising this request again at a later time, especially if they provide more authority on why they are entitled to the award, the amount requested, or if Plaintiff still refuses to sign the written agreement.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion to Dismiss the action based on the parties' settlement agreement (Dkt. No. 30) is **GRANTED**; and it is further

**ORDERED**, that Defendant's request for attorneys' fees (Dkt. No. 30) is **DENIED without prejudice**; and it is further

**ORDERED**, that Plaintiff's request for the Court to provide subpoenas to three witnesses (Dkt. No. 31) is **DENIED as moot**; and it is further

**ORDERED**, that the Clerk is directed to close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:       August 06, 2021
             Albany, New York


_____
Lawrence E. Kahn
U.S. District Judge